For all these the law provides, and if the party provides and does not follow the law, it will not extend his reservation. 21 H., 7, 25. Rent generally reserved goes with the reservation, and shall be paid at the end of the year. In 8 Rep., 71, Whitlock's case, it is said that the best reservation is general. So in a lease of two manors reserving rent, the law reserves it out of both; but the party may make several reservations. Dyer, 308; 5 Rep., 55; 14 H., 6, 26. But he cannot reserve contrary to law, as it would be *in our case. Therefore if a grant be in tail tenend. capitalibusdominis, this is a void tenend. 2 E., 45. So here. Grant by a husbandtenend. of him and his wife, as to the wife. So he may reserve it to other persons than those the law limits it to; but not contrary to it and out of the privity. 4 Rep., 75. Reservation out of the land. So Avowry, 258. Grant in tail, remainder in tail, it shall issue out of the whole. But per Haughton, if the reservation intervenes, it shall only charge the precedent estate. As to the person to whom the reservation is made, which is the principal question here, he cited 10 E., 4, 18; Ass., 86, 27; H., 8, 19; Dyer, 45, and Mallorie's case. The reservation shall be taken strongly against the reservor, as 10 Rep., 127, rendering rent at usual feasts, or 20 days after, the twentieth day is the day of payment. So 10 Rep., 108. Two tenants in common reserve a horse, they shall have but one; but if they grant a horse annually there shall be two. True it is, if two joint tenants reserve rent to one, it shall go with the reversion to both. But if they make a feoffment rendering rent to one, it is not good to him alone, for it is not annexed to the reversion.
Jermyn cited the case of Wotton v. Edwin, postea, p. 817, 5 Jac. rot. 3777, C. B., where the reservation was to him, his executors and assigns, during the term, and it was adjudged that by the death it is gone. And P. 5 Jac., Hill v. Hill, rot. 112, where one seized of lands in custom of free bench, made a lease, reserving rent during life to himself and to his wife during the term: it was adjudged that by the death of her husband the rent is not determined. But Cook and Warburton, against the *Page 809 
other, there held that it shall be determined. Barksdale held it shall be continued, for the extent appears. 3 Jac., Warmer and Agars. The lessee granted his term to the lessor rendering rent during the term, etc. Quodexpressum facit cessare tacitum, but not facit cessare prius expressum. B., 194. Grant in free marriage habend. in fee, the habend. is void. For the mind of a man is stronger at the beginning of his speech than at the end, when his intention languishes; and this is the reason of the transposition. Plowd., 164, and 5 Rep., 112. For otherwise if the rent is not payable to the successor, it shall not be paid during the whole term. 27 H., 8, 19, per Audley, is directly in point as to Richmond's case, 33 El., there was an express reservation to the executors; this being a particular, excludes all other particulars, as heirs. But assignee is a general word, and therefore shall not exclude the executor or the heir. But a special shall exclude another special, but a general shall not exclude a special. 3 Rep., 97. *Condition that he shall pay the heir, this excludes the executor, but a condition to pay to the assignee does not. As the executor is excluded by the reservation to the heir, so here shall the heir be excluded by a reservation to the executor.
2. The avowry is made by the heir, and it appears that the ancestor is dead. The lessor shall be intended to be living, for it is an avowry by the assignee ut pro redditu existente insoluto. Then, if after the death of the lessor, it is not due, it shall be intended that he is living; for he has averred that the rent is due to him, which implies all necessary circumstances. So it was adjudged in 12 Jac., Arundel's case, where the heir avowed without averring the death of his ancestor. For as he avers that the rent is arrear and unpaid to him, this implies that the father is dead, for otherwise nothing is due to him. So is 10 Rep., 59. Life is a natural thing, and therefore shall be presumed to continue. Dyer, 329. Condition of an obligation to pay so much yearly towards the education of A. B., and in debt the plaintiff did not aver the life of A. B.; yet held well. Attornment is not pleaded to be during the life of the parties. So is 10 E., 4, 18, 24, 30. The defendant avowed as holding in right of the lessee of husband and wife, without averring the life of the wife; yet held good. But an avowry is a bar, although to some purposes the avowant is an actor; for, as the defendant, he says defendit vim, etc. As to the exception of pleading the fine without saying to what use. By the common law the use was to the conusee, as the statute makes it, and the common law takes no notice of the uses; so the pleading, according to the common law, is well. Novel Entries, 344; 2 Rep., 88. There the fine is pleaded without saying to whose use. P., 477. Three feoffments are pleaded, without the uses. But there is a difference when one pleads a feoffment, or a fine of which the use is limited *Page 810 
to any other than the feoffee or the conusee; it ought to be pleaded, but if it is limited to the conusee, it is not necessary, for by the common law this is implied.
As to the fine, admitting that the use results, yet this does not make for the plaintiff. For then the case is this: Tenant in tail levies a fine to his use, and gets the conusee, who has nothing in the land, to suffer a common recovery, in which the tenant in tail is vouched, he being now tenant in fee, it is a recovery against the issue, for by the fine the tail was barred, and by the recovery he could not fail to say quod parties finisnihil habuerint. The law favors reservations; it has been so adjudged 27 Eliz. *Administrator of a term of 40 years makes a lease for 20 years, rendering rent, and dies intestate; the second administrator shall have the rent.
[Which was denied and marveled at.]
JONES, J. Yes, faith, it was so adjudged. This case was also adjudged: Tenant in fee made a fraudulent conveyance, and afterwards a lease for years rendering rent. Now this, notwithstanding the reservation, is good, and the lessee was held to pay it.
Quod DODERIDGE, J., concessit.
JONES, J. If one devise land to one for years, rendering rent, and devises the reservation, is this well?
DODERIDGE, J. It is.
JONES, J. It has been so adjudged; yet there is no privity between the lessee and him in the reversion in these cases.